THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR23-0107-JCC |
| Plaintiff, | ORDER |
| v. | |
| MICHAEL MOORE-HILL, | |
| Defendant. | |

This matter comes before the Court on the Government's unopposed motion to continue trial (Dkt. No. 38). Having thoroughly considered the briefing and the relevant record, the Court GRANTS the motion for the reasons described herein.

Defendant Michael Moore-Hill is charged with three counts of Depredation of United States Government Property, in violation of 18 U.S.C. § 1361. (*See* Dkt. No. 14.) On August 4, 2023, Mr. Moore-Hill appeared for arraignment where he pleaded not guilty to the charges. (*See* Dkt. Nos. 14, 20.) Trial was initially set for September 11, 2023, (Dkt. No. 20), but the Court since granted Mr. Moore-Hill's two unopposed motions to continue. (*See* Dkt. Nos. 23, 27.)[1] Trial was subsequently set for April 22, 2024. (*See* Dkt. No. 30.)

---

[1] As part of his second motion to continue, Mr. Moore-Hill submitted a speedy trial waiver consenting to the continuation of the trial date up to and including April 23, 2024. (*See* Dkt. No. 25.)

ORDER
CR23-0107-JCC
PAGE - 1

1    On March 22, 2024, Mr. Moore-Hill failed to report for a scheduled urinalysis test. (Dkt.

2    No. 34 at 1.) Since then, his pretrial services officer and defense counsel have been unable to

3    locate or reach him, which led to the issuance of a warrant for his arrest on March 25, 2024. (*See*

4    Dkt. Nos. 34 at 1–2, 33.)[2] As of the date of this order, Mr. Moore-Hill remains at large. (*See* Dkt.

5    No. 38 at 3.) Accordingly, the Government moves to continue trial until May 13, 2024. (*See id.*)

6    Under the Speedy Trial Act, a defendant must be brought to trial within 70 days from the

7    later of the filing date of the information or indictment, or the date of his initial appearance

8    before a judicial officer in the charging district. 18 U.S.C. § 3161(c)(1). The Act provides

9    numerous exclusions from this 70-day period, including any period of delay resulting from the

10   defendant's absence or unavailability. *Id.* § 3161(h)(3)(A). A defendant is considered "absent"

11   for speedy trial purposes when (1) "his whereabouts are unknown" and (2) "he is attempting to

12   avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence."

13   *Id.* § 3161(h)(3)(B).

14   In this case, both conditions are met. Neither defense counsel nor pretrial services have

15   been able to reach Mr. Moore-Hill since his failure to appear for his urinalysis exam on March

16   22, 2024. (Dkt. No. 38 at 3.) Moreover, the Government asserts that individuals assisting with

17   this case visited a homeless encampment that Mr. Moore-Hill frequented and sent leads to other

18   law enforcement agencies to determine if anyone had recent contact with him. (*Id.*) None of

19   these efforts have been successful. (*Id.*)

20   Based on this information, and absent any argument or evidence to the contrary, the

21   Court finds Mr. Moore-Hill has been absent within the meaning of § 3161(h)(3)(A)—at

22   least since his failure to appear on March 22, 2024. *See United States v. Carrillo*, 2020 WL

23   2556940, slip op. at 2 (E.D. Cal. 2020). Accordingly, any period of delay resulting from Mr.

24   Moore-Hill's absence is excluded from the Speedy Trial Act. Moreover, because the ends of

25

26   [2] Mr. Moore-Hill appears to be unhoused and potentially navigating mental health and/or substance use issues. (*See* Dkt. No. 34 at 1–2.)

1    justice served by granting a continuance outweigh the best interest of the public and the

2    defendant in a speedy trial, the Court GRANTS the Government's motion to continue trial (Dkt.

3    No. 38). *See* §§ 3161(h)(7)(A), (B)(i). The trial is hereby CONTINUED to May 13, 2024.[3]

4            DATED this 4th day of April 2024.

5

6

7                                                    _____
                                                     John C. Coughenour
8                                                    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   [3] Separately, the Government asks that the Court unseal any materials recently filed by pretrial
     services relating to Mr. Moore-Hill's fugitive status, arguing such materials would assist the
25   Court and the parties in determining when Mr. Moore-Hill became "absent" for purposes of the
     Speedy Trial Act. (Dkt. No. 38 at 1.) Finding good cause, the Court GRANTS this request. The
26   Clerk is DIRECTED to unseal Docket Numbers 33, 34, and 35.

ORDER
CR23-0107-JCC
PAGE - 3