THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>MICHAEL MOORE-HILL,<br><br>                Defendant. | CASE NO. CR23-0107-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to sever (Dkt. No. 29). Having thoroughly considered the briefing, the Court DENIES the motion for the reasons described herein.

Defendant is charged with three counts of Depredation of United States Government Property, in violation of 18 U.S.C. § 1361. (*See* Dkt. No. 14.) On the first two counts, Defendant is alleged to have willfully thrown a rock at a federal building on February 1, 2022, and May 15, 2022, respectively. (*Id.* at 1–2.) On the third count, Defendant is alleged to have willfully damaged a security camera on July 14, 2022. (*Id.* at 2.) All three alleged incidents involve damage to the United States Courthouse in Seattle, Washington. (*Id.* at 1–2.)

Defendant now moves to sever the three counts, arguing (1) "there is substantial risk the jury will conclude [he] is guilty of each count based on the impermissible conclusion that he has a propensity to commit crimes and ignore evidence that negates an element of the offense," and

(2) a joint trial would undermine his ability to assert his Fifth Amendment right to remain silent as to each individual count. (Dkt. No. 29 at 1.) The Government opposes. (*See generally* Dkt. No. 36.)

Federal Rule of Criminal Procedure 8(a) provides for joinder of offenses against a single defendant in the indictment if the offenses charged are "of the same or similar character." *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007) (quoting Fed. R. Crim. P. 8(a)).[1] However, even if joinder is permissible under Rule 8, a district court may "order separate trials of counts" at its discretion if joinder of offenses "appears to prejudice a defendant." *Id.* (quoting Fed. R. Crim. P. 14(a)). Such prejudice may occur where (1) "the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged," or (2) "the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find." *United States v. Johnson*, 820 F.2d 1065, 1070 (9th Cir. 1987) (citation and quotation marks omitted).

In this case, Defendant fails to establish that a joint trial would significantly prejudice him. First, contrary to Defendant's assertion, there is overlapping evidence in each count because the Government will likely call the same set of witnesses to testify as to the various surveillance videos and repair costs. (*See* Dkt. No. 36 at 5–6.) Second, even if the Court conducts three separate trials for each count, evidence of any severed count would be admissible to prove, among other things, identity, intent, or motive under Federal Rule of Evidence 404(b). *See Johnson*, 820 F.2d at 1070 ("If all of the evidence of the separate count would be admissible upon severance, prejudice is not heightened by joinder."); *United States v. Irvine,* 756 F.2d 708 (9th Cir. 1985) (denying severance where drug evidence would have been admissible in bribery

---

[1] Defendant does not dispute that the counts are properly joined under Rule 8. (*See generally* Dkt. No. 29.) Instead, he asserts that a joint trial would significantly prejudice him, thereby requiring severance under Rule 14(a). (*See id.*)

ORDER
CR23-0107-JCC
PAGE - 2

trial to prove intent and ability to solicit bribe).[2] To the extent Defendant argues the three acts are too dissimilar to constitute a distinctive "pattern" for purposes of Rule 404(b), (*see* Dkt. No. 40 at 2–4), the Court disagrees. Third, "[i]f a defendant seeks severance because he wishes to testify on some counts and not others, he must show that he has important testimony to give on some counts and a strong need to refrain from testifying on those he wants severed." *United States v. Nolan*, 700 F.2d 479, 483 (9th Cir. 1983) (citing *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980)). And here, Defendant's "desire to preserve his options" and avoid cross-examination on the second two counts "does not meet the *Armstrong* standard of a 'strong need to refrain from testifying.'" *See id.* Fourth and finally, any potential risk of prejudice can be mitigated through a limiting instruction. *See, e.g.*, *Johnson*, 820 F.2d at 1071. And although a limiting instruction is an imperfect countermeasure, a jury could reasonably be expected to compartmentalize where, as here, the issues are relatively simple. *See United States v. Brady*, 579 F.2d 1121, 1128 (9th Cir. 1978).

In sum, because the dangers of a joint trial do not outweigh the dominant concern with judicial economy, the Court DENIES Defendant's motion to sever (Dkt. No. 29).

DATED this 9th day of April 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] The Court further finds that the probative value of the evidence for each count would not be substantially outweighed by its prejudicial effect. *See Johnson*, 820 F.2d at 1071 (citing Fed. R. Evid. 403).